## DOWER TO A WIDOW PARTAKES IN INTEREST EARNED.

[Probate Court of Hamilton County.]

ESTATE OF GEORGE W. ARNOLD, SR., DECEASED.

Decided, June 21, 1902.

Dower to the widow of a decedent partakes in interest earned by funds belonging to the estate while in the hands of the executor.

NIPPERT, J.

Hon. Howard Ferris, sitting in this court, has already decided that a credit in the account of the executor, of the cash value of the dower of Hannah B. Arnold, widow of George W. Arnold, Sr., to the amount of $1,533, was a proper credit.

The question now before the court is whether or not interest can be charged on the amount representing her dower, to-wit, $1,533, which came into the hands of the executor from the sale of real estate on February 13, 1895, and which was distributed by him on October 20, 1901.

The executor of the last will and testament of George W. Arnold, Sr., deceased, held this money awaiting the decision of the Supreme Court, in the matter of setting aside the election of the widow of said George W. Arnold, Sr., deceased — Hannah B. Arnold. This money was a part of the assets of said estate, said assets consisting of $10,511.09 in cash, of which amount the sums of $1,593.42 was interest collected by the executor; two outstanding notes of $1,908.33 each, and two outstanding notes of $122 each.

There can be no doubt but that the amount of the value of the dower partakes in the interest collected by the executor on the above four notes, and shares in it pro rata with those parts of the fund to which other claimants are entitled. The total fund in the hands of the executor in this case, according to the account filed November 30, 1901, not counting the interest on the notes, amounted to $12,978.33, and consisted of the following items:

| | |
|---|---|
| Cash on hand........................... | $ 8,917.67 |
| 2 notes of Hannah B. Arnold $1,908.33 each. | 3,816.66 |
| 2 notes of Johanna Arnold $122 each...... | 244.00 |
| | |
| Total ............................... | $12,978.33 |

Of this sum the amount of the value of the dower, to-wit, $1,533, is about one-eighth part, or more correctly, 118-1000 part. The interest earned by the executor is $1,593.42 and the amount of the value of the dower is entitled to 118-1000 of this interest, which is equal to the amount of $188. The executor, George W. Arnold, should have paid to Daniel Dreyfoos, administrator of Hannah B. Arnold, deceased, besides her dower, this amount of interest and not the amount of $615.75.

If none of the assets in the hands of George W. Arnold, executor of the estate of George W. Arnold, Sr., deceased, had borne interest, the amount of the value of the dower which was a part of these assets, would not have been entitled to interest. If the executor had allowed interest on this part of the assets representing the dower, without having taken in any interest, he would have had to subtract the amount of this interest from other parts of the fund in his hands, and this would be injustice to those who were entitled to these other parts, whoever they may be. But, as the executor had taken in a certain amount of interest, that part of the fund which represents the dower value stated above, shares pro rata in this interest with the other parts of the fund to which the other claimants are entitled.

*Swing & Morse,* for executor.

*Thomas H. Kelley, John D. Follett* and *Charles Follett,* for exceptors.